## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHERYL GRIFFITH,          *
                                  *

     Plaintiff,               *
                                  *

     vs.                     *           Civil Action No.:
                                  *           8:18-CV-432-RAL-CPT
                                  *

DAVID J. SHULKIN, Secretary     *
DEPARTMENT OF VETERANS      *
AFFAIRS,                        *
                                  *

     Defendant.            *

## MOTION FOR SUMMARY JUDGMENT

Defendant in the above captioned case by and through undersigned counsel moves for summary judgment on the grounds that there is no genuine dispute as to any material fact and VA is entitled to judgment in his favor as a matter of law.

### Undisputed Facts On Which Summary Judgment Is Demanded

Defendant continues to rely upon the positions established by the pleadings.  ECF-1 (complaint) and ECF-9 (answer).

Plaintiff was at all times pertinent hereto employed as an Attorney in the Office of General Counsel by the Defendant.  Plaintiff is a black female with a disability; she is a qualified person with a disabling condition within the meaning of the Rehabilitation Act.  Her disability stems from

1

neutropenia which renders her home bound for all practical purposes. Defendant has accommodated Plaintiff's disability by allowing her at all times pertinent hereto to telework, work entirely from her home without having to come into the office at all, 100% of the time.  In only one instance does she complain about a failure to accommodate, the instance of her difficulty in seeking a job in the Defendant's loan guarantee group.  That accommodation was granted, she got that job.  Plaintiff's complaint does not even allege that she has suffered any materially adverse employment action of any kind because of her race, her disability, as retaliation, or any complaints of discrimination.  Plaintiff's complaint does not even allege that she has suffered any harm or adverse action effecting the terms, conditions, benefits, or privileges of her employment.  Aside from generalized discontent, Plaintiff's complaint fails to make a hostile work environment claim (assuming, without conceding, that a hostile work environment can be constituted in working entirely alone at home) for failure to even allege any manner of hostile, intimidating, or offensive work environment that was severe or pervasive enough to alter the conditions of her employment.

There were prior Equal Employment Opportunity administrative processes by the Plaintiff such as would support retaliation claims for having engaged in those protected activities.[1]

Plaintiff appropriately exhausted her administrative remedy preconditions to filing suit in this case.

In the absence of any failure to accommodate, adverse personnel action, or hostile work environment, it makes no difference whether the Plaintiff's claims are based on disability, race, sex, or retaliation for engaging in protected activity.

## Argument And Citation of Authorities

### Summary Judgment Standard

Under Rule 56, Fed. R. Civ. P., 28 U.S.C., summary judgment is proper "if the pleadings, . . ., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised.  Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997).  A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v.

---

[1] Which claims are, of course, denied.

3

Liberty Lobby, 477 U.S. 242, 248 (1986); see also Allen v. Tyson Foods, 121 F.3d at 646.   A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim.  See Cleveland v. Policy Mgmt. Sys.Corp., 526 U.S. 795, 804 (1999); Celotex Corp., 477 U.S. at 323.

A summary judgment movant must satisfy his burden by showing there is no dispute of material fact by pointing out that the nonmoving party is unable to make a showing in support of some element of its case on which it bears the ultimate burden of proof.  Celotex Corp., 477 U.S. at 322-24.  In an employment discrimination case, summary judgment may be entered if the Plaintiff has not, is unable to raise any issue of fact indicative of discriminatory conduct resulting in harm. Beard v. Annis, 730 F.2d 741 (11th Cir. 1984).  The proposition that facts must be viewed in the light most favorable to the nonmoving party applies only if there is a genuine dispute as to those facts.  Scott v. Harris, 550 U.S. 372, 380 (2007).

Plaintiff's Claims

The primary thrust of the Defendant's within motion is that no matter what law Plaintiff proceeds under she has failed to even raise a question of fact on any resulting legally cognizable consequence.  Thus her claims under the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq*. (Rehab Act), Title VII of the

Civil Rights Act, 42 U.S.C. § 2000e-16, and for retaliation for engaging in activity protected by either, may be discussed only with focus on the absence of consequences sufficient to support her claims.

Accommodation of Plaintiff's Disability

"The Rehabilitation Act prohibits an employer from 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . ..' "  Moseley v. Lynch, Not reported in Federal Reporter, 2018 WL 5822068 *2 (11th Cir. 2018) (citing 29 U.S.C. § 791(f) and noting the incorporation of applicable portions of the Americans with Disabilities Act, to wit: 42 U.S.C. § 12112(b)(5)(A)).  In Moseley the employee failed to show by what manner accommodation was not provided, or what was possible.  That's exactly the Defendant's position here.  Not only has the Plaintiff failed to even allege on what basis or manner she was not accommodated, it is affirmatively shown that she was accommodated in the two respects put in issue.  She was allowed to work from home 100% of the time at all times pertinent to the complaint.  Mention was made of additional accommodation being sought in the form of a job in the Defendant's loan guarantee group.  It was acknowledged, in the pleadings, that the accommodation was granted.

There's simply no failure to accommodate claim.  See Lucas v. W. W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001) (element of *prima facie* case).

Absence of Adverse Employment Action

A discrimination [or retaliation] claim requires an adverse employment action.  Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1289 (11th Cir. 2003).  Not all employer actions that negatively impact an employee qualify as "adverse employment actions."  Davis v. Town of Lake Park, 245 F.3d 1232, 1238 (11th Cir. 2001).  Rather, only those employment actions that result in "a *serious and material* change in the terms, conditions, or privileges of employment" will suffice. Id. at 1239 (emphasis in original). "Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." Id.

Plaintiff enumerates interpersonal difficulties in communications with her peers but there is not even an allegation that she suffered any kind of impact on any of the terms, conditions, or privileges of her employment. None.

6

There was simply no adverse employment action such as would support a claim of discrimination.

Absence of a Hostile Work Environment

Defendant can't help but express his wonder that an employee afforded the accommodation of working from home 100% of the time, in the coziness of her home office, or den, or at her kitchen table, would have the effrontery to claim that anything done created for her an "hostile work environment."  It is supposed, however, that at the summary judgment stage disbelief must be suspended.

"A hostile work environment claim is established upon proof that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" McQueen v. Alabama Department of Transportation, ___ F. App'x ___, 2019 WL 1773270 (11th Cir. April 23, 2019) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

In her complaint the Plaintiff purports to find offense in what would be regarded in an office setting (much less a telework setting where interpersonal interaction is ruled out) as routine inquiries and directions from management.  That offense is the most liberal interpretation to which those

communications are entitled.  Assuming, without conceding, that they warrant that interpretation, the interpretation, much less their actual effect, is miles short of amounting to "intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  <u>McQueen</u>, <u>id.</u> To her credit, perhaps, Plaintiff does not even purport to suggest any such severity or pervasiveness and no inference could be drawn from what is said about any such severity or pervasiveness.

There was simply no hostile work environment such as would support a claim of discrimination.


## <u>Conclusion</u>

Defendant earnestly submits that he is entitled to summary judgment in his favor on the claims and demands of the Plaintiff and that the complaint of the Plaintiff should be dismissed.

ATTORNEY GENERAL OF THE
UNITED STATES BY
CHARLES E. PEELER
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA
ATTORNEY FOR DEFENDANT


By:   /s Stewart R. Brown
      Stewart R. Brown
      Special Assistant United States Attorney
      [Special Assistant Appointment/Renewal
      filed]
      Georgia State Bar # 089650
      United States Attorney's Office
      Middle District of Georgia
      P.O. Box 1702
      Macon, Ga. 31202-1702
      Telephone: (478) 621-2690
      Facsimile: (478) 621-2737
      Email: Stewart.Brown@usdoj.gov

## CERTIFICATE OF SERVICE

I, Stewart R. Brown, Special Assistant United States Attorney, hereby certify that on the 31st day of May, 2019, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Joseph D. Magri
>Merkle & Magri, P.A.
>Attorney for the Plaintiff

I also certify that I have mailed by the United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants: N/A.

>/s Stewart R. Brown
>Stewart R. Brown
>Special Assistant United States Attorney