UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:18-cv-432-T-CPT

CHERYL GRIFFITH

    Plaintiff,

vs.

ROBERT WILKIE,
Secretary, U.S. Department General
of Veterans Affairs,

    Defendant.
_____/

## **DECLARATION OF J. ROBERT McCORMACK AS TO ATTORNEYS' FEES**

I, J. Robert McCormack, declare as follows:

1. I am over the age of twenty-one, a resident of Pasco County, Florida, and competent to state the matters contained herein, and such matters are known to me and of my personal knowledge.

2. I am an AV rated attorney practicing in state court, federal court, state and federal courts of appeal and arbitration proceedings. As of October of this year, I will have been practicing law in this area for 30 years.

3. I have been admitted to the Florida Bar since October 5, 1990. I am admitted to practice law in all courts in Florida, in the U.S. District Court for the Middle District of Florida, in the U.S. District Court for the Northern District of Florida, in the U.S. District Court for the Southern District of Florida, in the U.S District Court for the District of Colorado, in the Eleventh Circuit Court of Appeals and in the Circuit Court of Appeals for the Federal Circuit.

1

4. I have represented both Plaintiffs and Defendants in over 45 jury and non-jury trials in both state and federal courts in various locations throughout Florida. I have also appeared and made Oral Argument in several different courts, including The United States Circuit Court for the Federal Circuit, the United States Circuit Court for the Eleventh Circuit, the Second District Court of Appeal and the Florida Supreme Court.

5. I am a shareholder in the law firm of Ogletree, Deakins, Nash, Smoak, Stewart, P.C. The firm is International with offices in over 50 locations including offices in Europe, Canada and Mexico. A great deal of my practice focuses on employment law and I am familiar with cases brought under various civil rights statutes, including 42 U.S.C. § 2000e *et seq.* In the course of my practice, I am familiar with the development of the law in these areas and with the award of attorneys' fees to prevailing parties under those statutes.

6. I am familiar with the customary fees charged by lawyers in these types of actions as well as with the regular, non-contingent hourly rates charged by lawyers in the state and federal courts of the State of Florida for civil rights and employment discrimination litigation. This knowledge is based not only on my own experience in handling both hourly rate and contingent fee matters, but also my conversations and discussions with numerous other lawyers over the years.

7. I am also familiar with all aspects of representing and litigating on behalf of Federal Employees under various administrative systems including their internal Equal Employment Opportunity process, the Merit Systems Protection Board, and the Office of Resolution Management. I have represented employees of the U.S. Army, The Federal Bureau of Investigation, the United States Postal Service, U.S. Customs and Border Patrol, the Veterans Administration, and other government agencies.

8. Claims under these administrative schemes are not easy cases and are cases in which complainants often do not prevail. Without the payment of a reasonable fee, not only these attorneys, but other lawyers as well, would be hesitant to undertake other cases of this type.

9. In recent years, I have become familiar with the difficulty federal employees have obtaining competent counsel to represent them in such matters. In this respect, while my practice is currently limited to representing employers, and has been for several years, I still receive calls from Federal Employees seeking representation. As I cannot represent these employees, I endeavor to refer the cases to competent counsel. There are very few attorneys that I am able confidently to refer such matters. At the top of my "short list" is Joseph Magri. I am often told upon making this initial referral that the individual had already contacted Mr. Magri but that his caseload would not permit him to accept another matter at the time. There is a serious dearth of attorneys willing to handle these cases.

10. The fact that few attorneys are willing to accept this type of case supports the need for an hourly rate sufficient to attract competent counsel who is willing to take on such matters. As the Eleventh Circuit has stated: "A reasonable fee is one sufficient to attract counsel to represent the case, but not one that provides a windfall for attorneys." In re Home Depot, Inc., 931 F.3d 1065 (11th Cir. 2019) citing, *Perdue v. Kenny A.* ex rel Winn, 559 U.S. 542, 550 (2010).

11. Based on the above, in my opinion, following would be reasonable per hour rates for complainant's counsel:

| | |
|---|---|
| Joseph Magri, Esquire | $550 |
| Sean McFadden | $350 |
| Gerard Roble | $200 |
| Angela Merkle (Paralegal) | $150 |

Meagan Ross-Culpepper (Paralegal)  $125

12. Among other things, I have evaluated the following factors in determining my opinion of a reasonable attorney's fee as stated above: (a) the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly; (b) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee customarily charged in the locality for similar legal services; (d) the time limitations imposed by the client or by the circumstances; (e) the amount involved and the results obtained; (f) the experience, reputation and ability of the lawyer or lawyers performing the services; (g) whether the fee is fixed or contingent.

13. With respect to Mr. Magri, my belief that an hourly rate of $550 per hour is reasonable for Mr. Magri in this case is supported, in part by my review of rates for attorneys practicing in the Middle District of Florida in cases to redress violations of various employment laws including Title VII of the Civil Rights Act of 1964, The Fair Labor Standards Act (FLSA) and the Family and Medical Leave Act (FMLA) within the public sector. These various employment laws were necessary to discern an adequate comparator inasmuch as there are far fewer cases involving federal employees. Additionally, as no two attorneys possess identical experience or skills, it was helpful to review matters handled by a wide array of attorneys with varying degrees of skill and experience. Most of my review included attorneys with much less experience than Mr. Magri, none of whom had done as much federal sector work as Mr. Magri, even when excluding his experience as a supervisory United States Attorney for the Middle District of Florida. I engaged in similar comparisons with respect to the remaining attorneys on

this matter, some of whom I have personally met and been acquainted with professionally for many years.

14. While not exhaustive, some of my findings included rates approaching or exceeding $500 per hour by less experienced attorneys including Wendy Busch, who was awarded $450 per hour in Case No. 8:16-cv-714. I have litigated against Ms. Busch in the past and know her to be a fine attorney with over 30 years experience. This hourly rate was awarded by the Hon. Elizabeth Kovachevich on May 3, 2018. While relatively recent, I note that rates have increased in the Middle District since the award. As an example, Kim De Arcangelis was more recently approved for an hourly rate of $425 in Case No. 8:17-cv-1404 on July 10, 2019 by Magistrate Judge Amanda Sansone. The case was brought pursuant to the FLSA. I have also litigated against Ms. De Arcangelis and know her to be a competent and reasonable attorney. However, she has far less experience than Mr. Magri, having been admitted to practice in Florida in 2006. I am also aware of her receiving this rate in 2015, after less than 9 years of practice. Moreover, FLSA cases do not require near the skill and experience exhibited by Plaintiff's counsel in the instant matter. I say this not to diminish the accomplishment of Ms. De Arcangelis, for whom I have a great deal of respect, but only to illustrate the market rates in less complex matters for less experienced attorneys to justify the hourly rates in the instant matter.

15. I also believe the number of hours requested in the Motion for Attorneys Fees submitted by counsel for Plaintiff in this matter to be reasonable. In making this determination, I visited the offices of Merkle & Magri, reviewed the file in this case and spoke at length with Joseph Magri about the manner in which the case was litigated. Based upon my review of the file, my review of the time records, docket entries and my review of the instant Motion with supporting materials, I believe the requested number of hours to be reasonable. This matter was

litigated fully, the VA took a stalwart approach and ignored overtures for early settlement upon nearly identical terms.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th Day of January, 2020.

_____
J. Robert McCormack